1  ROBERT E. OPERA – California State Bar No. 101182
   ropera@wcghlaw.com
2  ANDREW B. LEVIN – California State Bar No. 290209
   alevin@wcghlaw.com
3  **WINTHROP COUCHOT**
4  **GOLUBOW HOLLANDER, LLP**
   1301 Dove Street, Suite 500
5  Newport Beach, CA 92660
   Telephone: (949) 720-4100
6  Facsimile: (949) 720-4111

7  STEPHEN R. HARRIS – Nevada State Bar No. 001463
   steve@harrislawreno.com
8  **HARRIS LAW PRACTICE LLC**
   6151 Lakeside Drive, Suite 2100
9  Reno, NV 89511
   Telephone: (775) 786-7600
10

11 General Insolvency Counsel
   for Debtors and Debtors-in-Possession

12            **UNITED STATES BANKRUPTCY COURT**
                    **DISTRICT OF NEVADA**
13

14 In re:

15 ☐ X-TREME BULLETS, INC.,
   ☐ AMMO LOAD WORLDWIDE, INC.,
16 ☐ CLEARWATER BULLET, INC.,
   ☐ FREEDOM MUNITIONS, LLC,
17 ☐ HOWELL MACHINE, INC.,
   ☒ HOWELL MUNITIONS &
18    TECHNOLOGY, INC.,
19 ☐ LEWIS-CLARK AMMUNITION
      COMPONENTS, LLC,
20 ☐ COMPONENTS EXCHANGE, LLC,
      and
21 ☐ All Debtors.
22            Debtors and
              Debtors-in-Possession.
23 _____

24 Z.B., N.A. dba ZIONS FIRST NATIONAL
   BANK,
25            Plaintiff,
26 vs.
27 HOWELL MUNITIONS &
   TECHNOLOGY, INC. and
28 UNITED STATES OF AMERICA DEPT.

|  |  |
|---|---|
| Jointly Administered under Case No. 18-50609-btb with | |
| Case Nos. 18-50610-btb; 18-50611-btb; 18-50613-btb; 18-50614-btb; 18-50615-btb; 18-50616-btb; and 18-50617-btb | |
| Adversary Proceeding No. 18-05010-btb | |
| Chapter 11 Proceedings | |

**ANSWER TO COMPLAINT (1) TO DETERMINE NATURE, EXTENT AND PROPRIETY OF INTERESTS IN PROPERTY AND (2) FOR DECLARATORY RELIEF**

Status Conference:

DATE:      November 13, 2018
TIME:       9:00 a.m.
PLACE:    Courtroom 2 (5th Floor)
               C. Clifton Young Federal Bldg.
               300 Booth Street
               Reno, NV 89509

1

OF THE TREASURY

        Defendants.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

-2-

1    Howell Munitions & Technology, Inc. ("Defendant") hereby submits the following *Answer*

2  to that certain *Complaint (1) to Determine Nature, Extent and Priority of Interest in Property and*

3  *(2) for Declaratory Relief* ("Complaint") filed by Z.B., N.A. dba Zions First National Bank

4  ("Plaintiff").

5                                **JURISDICTION AND VENUE**

6    1.    In response to paragraph 1 of the Complaint, the Defendant admits each and every

7  allegation contained therein.

8                                         **PARTIES**

9    2.    In response to paragraph 2 of the Complaint, upon information and belief, the

10  Defendant denies each and every allegation contained therein.

11    3.    In response to paragraph 3 of the Complaint, the Defendant admits each and every

12  allegation contained therein.

13    4.    In response to paragraph 4 of the Complaint, the Defendant admits each and every

14  allegation contained therein.

15                              **FACTUAL ALLEGATIONS**

16    5.    In response to paragraph 5 of the Complaint, the Defendant denies all allegations in

17  paragraph 5 of the Complaint.

18    6.    In response to paragraph 6 of the Complaint, the Defendant admits that it and the

19  other "Borrowers" identified in footnote 1, with the exception of Components Exchange, LLC,

20  executed a Business Loan Agreement with the Plaintiff on May 22, 2014.  The Defendant

21  specifically denies any assertion that Components Exchange, LLC was ever a Borrower under the

22  May 22, 2014 Business Loan Agreement or ever borrowed any funds from the Plaintiff.  The

23  Defendant denies that any use of the term, "Borrower," in the Complaint should include any

24  reference to Components Exchange, LLC.

25    7.    In response to paragraph 7 of the Complaint, the Defendant admits each and every

26  allegation contained therein.

27    8.    In response to paragraph 8 of the Complaint, the Defendant admits each and every

28  allegation contained therein.

9.      In response to paragraph 9 of the Complaint, the Defendant admits the allegation that a true and correct copy of the First Modification to Business Loan is attached as Exhibit 4 to the Complaint.  The Defendant submits that the terms of the First Modification to Business Loan speak for themselves and, on that basis, except as expressly admitted to herein, denies the allegations set forth in paragraph 9 of the Complaint.

10.      In response to paragraph 10 of the Complaint, the Defendant admits the allegation that a true and correct copy of the Second Loan Modification Agreement is attached as Exhibit 5 to the Complaint.  The Defendant submits that the terms of the Second Loan Modification Agreement speak for themselves and, on that basis, except as expressly admitted to herein, denies the allegations set forth in paragraph 10 of the Complaint.

11.      In response to paragraph 11a of the Complaint, the Defendant admits the allegations that a true and correct copy of the Second Note 9001 is attached as Exhibit 6 to the Complaint, that a true and correct copy of the First Amended and Restated Promissory Note (9001) is attached as Exhibit 7 to the Complaint, that a true and correct copy of the Second Amended and Restated Promissory Note (9001) is attached as Exhibit 8 to the Complaint, and that a true and correct copy of the Third Amended and Restated Promissory Note is attached as Exhibit 9 to the Complaint. The Defendant submits that the terms of the Second Note 9001, the First Amended and Restated Promissory Note (9001), the Second Amended and Restated Promissory Note (9001), and the Third Amended and Restated Promissory Note speak for themselves and, on that basis, except as expressly admitted to herein, denies the allegations set forth in paragraph 11a of the Complaint.

12.      In response to paragraph 11b of the Complaint, the Defendant admits each and every allegation contained therein.

13.      In response to paragraph 11c of the Complaint, the Defendant admits each and every allegation contained therein.

14.      In response to paragraph 11d of the Complaint, the Defendant admits each and every allegation contained therein.

15.      In response to paragraph 11e of the Complaint, the Defendant admits each and every allegation contained therein.

MAINDOCS-#234869-v2-HMT_Answer_Zions_Adversary

1

2

16.       In response to paragraph 11f of the Complaint, the Defendant admits each and every allegation contained therein.

3

4

5

17.       In response to paragraph 12 of the Complaint, the Defendant lacks sufficient information to either admit or deny the allegations therein and, on that basis, denies all allegations in paragraph 12.

6

7

8

9

10

11

18.       In response to paragraph 13, the Defendant admits that, on May 22, 2014, David Howell and other entities, not including Components Exchange, Inc., executed a Commercial Security Agreement, and that a true and correct copy of the Commerical Security Agreement is attached as Exhibit 16 to the Complaint.  The Defendant submits that the terms of the Commercial Security Agreement speak for themselves and, on that basis, except as expressly admitted to herein, denies the allegations set forth in paragraph 13 of the Complaint.

12

13

19.       In response to paragraph 14 of the Complaint, the Defendant admits each and every allegation contained therein.

14

15

16

20.       In response to paragraph 15 of the Complaint, the Defendant lacks information sufficient to either admit or deny the allegations therein, and, on that basis, denies all allegations in Paragraph 15 of the Complaint.

17

18

19

20

21

22

23

24

21.       In response to paragraph 16 of the Complaint, the Defendant admits that on February 13, 2017, the Plaintiff's counsel sent a letter to Ammo Load Worldwide, Inc., Big Canyon Environmental, LLC, Clearwater Bullet, Inc., Freedom Munitions, LLC, Howell Machine, Inc., Lewis-Clark Ammunition Components, LLC, Twin River Contract Loading, Inc., X-Treme Bullets, Inc., Howell Munitions & Technology, Inc., Components Exchange, LLC, and David C. Howell, and that a true and correct copy of such letter is attached as Exhibit 18 to the Complaint. The Defendant submits that the letter speaks for itself and, on that basis, except as expressly admitted to herein, denies the allegations set forth in paragraph 16 of the Complaint.

25

26

27

22.       In response to paragraph 17 of the Complaint, the Defendant lacks information sufficient to either admit or deny the allegations therein, and, on that basis, denies all allegations in Paragraph 17 of the Complaint.

28

MAINDOCS-#234869-v2-HMT_Answer_Zions_Adversary

1        23.     In response to paragraph 18 of the Complaint, the Defendant lacks information

2   sufficient to either admit or deny the allegations therein, and, on that basis, denies all allegations in

3   Paragraph 18 of the Complaint.

4        24.     In response to paragraph 19 of the Complaint, the Defendant lacks information

5   sufficient to either admit or deny the allegations therein, and, on that basis, denies all allegations in

6   Paragraph 19 of the Complaint.

7        25.     In response to paragraph 20 of the Complaint, the Defendant lacks information

8   sufficient to either admit or deny the allegations therein, and, on that basis, denies all allegations in

9   Paragraph 20 of the Complaint.

10       26.     In response to paragraph 21 of the Complaint, the Defendant lacks information

11  sufficient to either admit or deny the allegations therein, and, on that basis, denies all allegations in

12  Paragraph 21 of the Complaint.

13       27.     In response to paragraph 22 of the Complaint, the Defendant admits each and every

14  allegation contained therein.

15       28.     In response to paragraph 23 of the Complaint, the Defendant lacks information

16  sufficient to either admit or deny the allegations therein, and, on that basis, denies all allegations in

17  Paragraph 23 of the Complaint.

18                              **FIRST CAUSE OF ACTION**

19       **(Determination of Nature, Extent, and Priority of Zions' Interest in the Funds)**

20       29.     In response to paragraph 24 of the Complaint, the Defendant lacks information

21  sufficient to either admit or deny the allegations therein, and, on that basis, denies all allegations in

22  Paragraph 24 of the Complaint.

23       30.     In response to paragraph 25 of the Complaint, the Defendant lacks information

24  sufficient to either admit or deny the allegations therein, and, on that basis, denies all allegations in

25  Paragraph 25 of the Complaint.

26       31.     In response to paragraph 26 of the Complaint, the Defendant lacks information

27  sufficient to either admit or deny the allegations therein, and, on that basis, denies all allegations in

28  Paragraph 26 of the Complaint.

MAINDOCS-#234869-v2-HMT_Answer_Zions_Adversary

## SECOND CAUSE OF ACTION

### (Declaratory Relief)

32.     In response to paragraph 27 of the Complaint, the Defendant lacks information sufficient to either admit or deny the allegations therein, and, on that basis, denies all allegations in Paragraph 27 of the Complaint.

33.     In response to paragraph 28 of the Complaint, the Defendant lacks information sufficient to either admit or deny the allegations therein, and, on that basis, denies all allegations in Paragraph 28 of the Complaint.

34.     In response to paragraph 29 of the Complaint, the Defendant lacks information sufficient to either admit or deny the allegations therein, and, on that basis, denies all allegations in Paragraph 29 of the Complaint.

35.     In response to paragraph 30 of the Complaint, the Defendant lacks information sufficient to either admit or deny the allegations therein, and, on that basis, denies all allegations in Paragraph 30 of the Complaint.

## AFFIRMATIVE DEFENSES

In asserting the following affirmative defenses, the Defendant does not purport to shift to the Defendant any burden of proof imposed upon the Plaintiff or assume the burden of proving any element of any claim asserted by the Plaintiff.  To the extent that any defense asserted below is not considered to be a affirmative defense, but rather part of Plaintiff's burden of proof or an element which Plaintiff must prove, such matter shall remain a part of Plaintiff's burden notwithstanding any characterization herein which may indicate the contrary.

### First Affirmative Defense

The Plaintiff lacks standing to assert the purported claims for relief stated in the Complaint.

### Second Affirmative Defense

The Plaintiff's purported causes of action fail to state any claims for relief for which relief may be granted.

MAINDOCS-#234869-v2-HMT_Answer_Zions_Adversary

1

### Third Affirmative Defense

2

The Plaintiff's purported claims for relief are barred by the Plaintiff's unclean hands.

3

### Fourth Affirmative Defense

4

The Plaintiff has failed to join necessary and indispensable parties to this action.

5

### Fifth Affirmative Defense

6

The Complaint is uncertain, vague, and ambiguous.

7

### Sixth Affirmative Defense

8

The Plaintiff's purported claims for relief have been waived, relinquished, and abandoned

9

by the conduct and representations of the Plaintiff.

10

### Seventh Affirmative Defense

11

As and for additional, separate and distinct affirmative defense to all causes of action,

12

except only for the Plaintiff's allegations that the Funds are property of the Bankruptcy Estate,

13

that the Funds are not subject to the Tax Lien, and that the Notice of Levy was insufficient to

14

attach the Funds, the Defendant presently has insufficient knowledge or information upon which

15

to form a belief as to whether additional affirmative defenses exist.  The Defendant reserves the

16

right to amend this Answer to assert additional affirmative defenses as warranted by discovery and

17

further investigation.

18

///

19

20

21

22

23

24

25

26

27

28

MAINDOCS-#234869-v2-HMT_Answer_Zions_Adversary

1

**Prayer for Relief**

2          **WHEREFORE,** the Defendant prays as follows:

3          1.       That Plaintiff takes nothing under the Complaint;

4          2.       For attorneys' fees and costs of suit herein; and

5          3.       For such other and further relief as this Court may deem proper.

6     DATED:  October 12, 2018                    **WINTHROP COUCHOT**
                                                  **GOLUBOW HOLLANDER, LLP**
7

8
                                                  By:_____
9                                                      Robert E. Opera
                                                       Andrew B. Levin
10                                                General Insolvency Counsel for
                                                  Debtors and Debtors-in-Possession
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MAINDOCS-#234869-v2-HMT_Answer_Zions_Adversary